STATE OF NORTH CAROLINA v. BRANDI ANN HAAS

No. COA09-647

(Filed 2 February 2010)

**1. Evidence— best evidence rule—no error**

The trial court's admission into evidence of a transcript of defendant's prior testimony at a juvenile hearing did not violate the best evidence rule where an audio recording of the prior juvenile proceeding was available to all parties and the contents of the recording were not in question.

STATE v. HAAS

[202 N.C. App. 345 (2010)]

**2. Evidence— best evidence rule—no prejudice**

    Even if the trial court erred by admitting into evidence a transcript of defendant's prior testimony at a juvenile proceeding when an audio recording of the proceeding existed, defendant failed to show prejudice where defendant did not request that the jury be permitted to hear the audio recording and did not include the audio recording in the record on appeal.

Appeal by defendant from judgment entered 6 October 2008 by Judge V. Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 4 November 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Angenette R. Stephenson, for the State.*

*Michael J. Reece, for defendant-appellant.*

STEELMAN, Judge.

Where an audio recording of a prior juvenile proceeding was available to all parties and the contents of the recording were not in question, the best evidence rule was not violated by the admission of a written transcript of the proceeding.

## I. Factual and Procedural Background

Brandi Ann Haas (defendant) and Patrick Haas (Patrick) are the parents of J.P.H., a minor child. J.P.H. was born in 2003. In 2004, following the separation of defendant and Patrick, defendant entered into a relationship with Jeffrey Hill (Hill).

On 22 December 2004, defendant, Hill, and J.P.H. arrived at their residence between 9:00 and 9:30 p.m. Hill then left to buy a ferret for defendant as a Christmas gift, while defendant remained at home with J.P.H. Defendant fed J.P.H. and put him to sleep in her bed, vacuumed the residence, and washed dishes. At approximately 11:00 p.m., Hill returned home.

Defendant gave conflicting accounts of the events that subsequently transpired. On 23 December 2004, defendant gave a statement to police in which she stated that when Hill returned home, he gave her the ferret. While defendant and Hill were talking, J.P.H. started "screaming at the top of his lungs." Hill and defendant ran into the bedroom where J.P.H. was laying on the bed. J.P.H.'s "legs were locked out, stiff, and his arms were down by his side with clenched fists." Defendant held J.P.H. while Hill called 911. An EMS unit trans-

ported J.P.H. to Randolph Hospital. Defendant stated that J.P.H. had just learned to walk and had fallen often prior to this date. Hill's statement to police was virtually identical to defendant's statement.

While being treated at the hospital, medical tests revealed a large blood blister on J.P.H.'s brain. Because of swelling of the brain, J.P.H.'s condition was life-threatening. The treating physicians diagnosed that J.P.H.'s injuries were the result of non-accidental trauma, caused by abusive head trauma or shaken impact syndrome. Doctors contacted the Department of Social Services to investigate the possibility of child abuse.

In 2005, defendant and Hill testified concerning the incident in juvenile court. This testimony was recorded using four-track audio equipment. A court reporter subsequently transcribed the hearing. The testimony of defendant and Hill was consistent with their statements on 23 December 2004.

On 18 April 2005, defendant was indicted for the offense of felony child abuse.[1] On 8 June 2007, police took a second statement from defendant at the request of her attorney. In this statement, defendant recanted a portion of her 23 December 2004 statement. Defendant stated that after she and Hill heard J.P.H. scream, they entered the bedroom and observed J.P.H. "sitting up in the middle of the bed, holding his bottle." J.P.H. starting calling for defendant, so she picked him up, sat down on the bed, and started rocking him. Hill sat down on the other side of the bed and told defendant that he would stay in the room with J.P.H. while defendant finished the dishes. Thereafter, Hill emerged from the bedroom and stated that J.P.H. was asleep. A few minutes later, J.P.H. started to cry again. Hill re-entered the bedroom and partially closed the door. Defendant started to vacuum, heard a "thump", and J.P.H. started to cry. Defendant went into the bedroom and Hill was cradling J.P.H. Defendant asked what was wrong and Hill stated that J.P.H. must have gotten scared.

Defendant started to vacuum again. Defendant then heard another thump "that sounded like a car door slamming." Defendant turned off the vacuum and saw Hill walk out of the bedroom and close the door. Defendant heard J.P.H. screaming and asked Hill what was wrong with J.P.H. Hill did not respond. Defendant found J.P.H. nude in the center of the bed in convulsions. Hill stated that defendant had "a retarded young'un [sic] and there's something wrong with hi[m]." Hill then called 911.

---

1. The record indicates that Hill was not charged with felony child abuse.

Prior to trial, defendant filed a motion *in limine*, objecting to the admission of the transcript from the juvenile hearing. Defendant contended that the best evidence rule required the actual recording of her testimony be presented to the jury rather than a transcript. The trial court denied the motion, but stated that neither party would be precluded from having the jury listen to the recording in addition to reading the transcript.

Defendant's trial began on 29 September 2008. Hill testified as a witness for the State. His testimony regarding the events of 22 December 2004 was consistent with his previous statements. The State also requested that the transcript of defendant's testimony at the 2005 juvenile hearing be read into the evidence. Defendant objected and the trial court overruled the objection. Copies of the transcript were distributed to the jury and the transcript was read verbatim into the record.

Defendant presented evidence at trial and testified that she had not initially informed the police of Hill's presence in the bedroom with J.P.H. because she was intimidated by Hill and that he had threatened to hurt her if she did not "leave his name out of it[.]" Defendant never offered the recording of the juvenile hearing as evidence nor made a request that the jury hear the tape.

On 6 October 2008, the jury found defendant guilty of felony child abuse. The trial court found defendant to be a prior record level II for felony sentencing purposes. Defendant was sentenced to twenty-nine to forty-four months imprisonment. This sentence was suspended and defendant was placed on supervised probation for thirty-six months. Defendant was also sentenced to a six-month term of special probation. Defendant appeals.

## II.  Best Evidence Rule

**[1]** In her sole argument on appeal, defendant contends the trial court erred in admitting the transcript of defendant's prior testimony at a juvenile hearing when the original recording was available. We disagree.

Rule 1002 of the North Carolina Rules of Evidence provides that in order "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." N.C. Gen. Stat. § 8C-1, Rule 1002 (2007). This rule generally requires that secondary evidence offered to prove the contents of a recording be

excluded whenever the original is available. *State v. York*, 347 N.C. 79, 91, 489 S.E.2d 380, 387 (1997). However, it is well-settled that Rule 1002 applies only when the content of a writing, recording, or photograph is in question. *State v. Martinez*, 149 N.C. App. 553, 560, 561 S.E.2d 528, 532 (2002). In *Martinez*, the defendant argued the trial court had violated Rule 1002 by allowing a witness to testify regarding the contents of a recorded telephone conversation. *Id.* at 559, 561 S.E.2d at 532. This Court held that the admission of the testimonial summary of the recorded conversation did not violate Rule 1002 because the contents of the recording were not being disputed by the defendant and the defendant never moved at any time to have the tape played for the jury. *Id.* at 560, 561 S.E.2d at 532.

In the instant case, defendant does not contend that there is any question as to the accuracy of the transcript submitted to the jury at trial and concedes in her brief that the recording of the juvenile hearing was authentic: "There is no reason at all that the original recording could not have been played for the jury. It was available and *both parties clearly considered it authentic* (the Defendant argued for playing it; the State relied upon it for preparation of its 'transcript.')" (Emphasis added). Defendant bases her argument solely on the existence of the recording and alleges it was error to admit the transcript. Because the contents of the recording of defendant's prior testimony in the juvenile hearing are not in question, Rule 1002 is not applicable. *Martinez*, 149 N.C. App. at 560, 561 S.E.2d at 532.

**[2]** Even assuming *arguendo* that the trial court erred in admitting the transcript prior to the recording, the admission of the transcript did not prejudice defendant. N.C. Gen. Stat. § 15A-1443(a) requires that in order to establish reversible error, a defendant must show that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." N.C. Gen. Stat. § 15A-1443(a) (2007). Defendant argues that the admission of the transcript prejudiced defendant in that the jury was unable to consider her "tone, inflection, and demeanor" as she testified at the juvenile hearing.

However, the trial court clearly stated that neither the State nor defendant was precluded from presenting the recording to the jury in addition to reading the transcript. It is undisputed that the original recording had been provided to defendant and could have been offered into the evidence if defendant so desired. Defendant never offered the recording as evidence and did not request that the jury be permitted to hear the recording. As stated above, there is no dispute

as to the accuracy of the transcript of the juvenile hearing. Further, we note that defendant has failed to include the recording as part of the record on appeal. Therefore, this Court is precluded from evaluating the recording and any of defendant's arguments pertaining to prejudice.

Defendant has failed to show that if the recording had been played, the jury would have reached a different verdict. N.C. Gen. Stat. § 15A-1443(a). This argument is without merit.

Defendant failed to argue her remaining assignments of error and they are deemed abandoned. N.C.R. App. P. 28(b)(6).

NO ERROR.

Judges ELMORE and HUNTER, JR., Robert N. concur.